FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2000 FEB 22  A 8:42

LORETTA G. [illegible]

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

CHERI MOORE                                           CIVIL ACTION

VERSUS                                                NO. 00-0083

J.C. PENNEY COMPANY, INC., et al.                     SECTION: "C" (3)

## ORDER AND REASONS

This matter comes before the Court on the issue of whether the minimum jurisdictional amount in controversy exists in this removed case.  Having determined that defendants, J.C. Penney Company and Liberty Mutual Insurance Company, have not shown that the required jurisdictional amount was in controversy at the time of removal, this matter is hereby REMANDED to state court pursuant to 28 U.S.C. § 1447(c).

### BACKGROUND

On December 20, 1998, plaintiff, Cheri Moore, was shopping at the J.C. Penney Company store located at the Belle Promenade Mall in Jefferson Parish, Louisiana.  While she was shopping, a table collapsed on plaintiff, causing her personal injuries.

On December 14, 1999, plaintiff instituted this suit against defendants in the 24th Judicial District Court for the Parish of

DATE OF ENTRY FEB 23 2000

___Fee_____
___Process__
_X_Dktd_____
___CtRmDep__
   Doc.No. 8

Jefferson, State of Louisiana. Defendants, J.C. Penney Co. and Liberty Mutual Insurance Co., timely removed the action to this Court under 28 U.S.C. § 1441 on the grounds of diversity jurisdiction, 28 U.S.C. § 1332. In their notice of removal, defendants asserted that plaintiff's claims exceed $75,000 "as will more fully appear through plaintiff's allegations of tort damages for personal injuries." Defendant's Petition for Removal, Rec. Doc. 1.

Plaintiff now seeks to remand this case on the grounds that her claim is worth $75,000 or less, and thus does not meet the jurisdictional amount in controversy required for federal diversity jurisdiction. See 28 U.S.C. § 1332(a).

DISCUSSION

The removing party bears the burden of establishing the existence of subject matter jurisdiction. See Asociacion Nacional de Pescadores a Pequena Escala O Artesanales de Columbia v. Dow Quimica de Columbia, S.A., 988 F.2d 559, 563 (5th Cir. 1993), cert. denied, 510 U.S. 1041 (1994) ("ANPAC"); Getty Oil, Div. Of Texaco v. Insurance Co. of North America, 841 F.2d 1254 (5th Cir. 1988); B., Inc. v. Miller Brewing Co., 663 F.2d 545 (5th Cir. 1981). It is the recognized burden of the party invoking jurisdiction "both to allege with sufficient particularity the facts creating jurisdiction, in view of the nature of the right asserted, and, if appropriately challenged, or if inquiry be made by the court of its

2

own motion, to support the allegation." St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 287, fn. 10 (1938) (citing McNutt v. General Motors Corp., 298 U.S. 178, 182-89 (1936)); see also Diefenthal v. Civil Aeronautics Board, 681 F.2d 1039 (5th Cir. 1982), cert. denied, 459 U.S. 1107 (1983).

Louisiana law prohibits a plaintiff from pleading a specific amount of monetary damages. La. Code Civ. Proc. Art. 893. When a plaintiff has alleged an indeterminate amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. See De Aguilar v. Boeing Co., 47 F.3d 1404, 1412 (5th Cir. 1995). A defendant makes this showing when it is facially apparent that the claims are likely to exceed $75,000. See Allen v. R & H Oil & Gas Co., 63 F.3d 1326, 1335 (5th Cir. 1995). In the alternative, the defendant can set out the facts in controversy, preferably in the removal petition, but sometimes by affidavit or stipulation, that support a finding of the requisite amount. See Id. The defendant must submit "summary-judgment-type evidence" to establish that the actual amount in controversy exceeds $75,000. De Aguilar, 47 F.3d at 1412. Bare assertions by the removing party are insufficient to invest a federal court with jurisdiction. See ANPAC, 988 F.2d at 566.

In ANPAC, the Fifth Circuit further identified the following circumstances in which a removing party would fail to satisfy its

burden of showing that removal is appropriate:

    (1)    the complaint did not specify an amount of damages, and it was not otherwise facially apparent that the damages sought or incurred were likely above [$75,000];

    (2)    the defendants offered only a conclusory statement in their notice of removal that was not based on direct knowledge about the plaintiff's claims; and

    (3)    the plaintiff timely contested removal with a sworn, unrebutted affidavit indicating that the requisite amount in controversy was not present.

ANPAC, 988 F.2d at 566.

After reviewing the complaint, the notice of removal, and the parties' memoranda, this Court concludes that defendants have failed to satisfy their burden of proving by a preponderance of the evidence that the amount in controversy exceeds $75,000.

Because Louisiana law prohibits a plaintiff from pleading a specific amount of monetary damages in a complaint, defendants must prove an amount in controversy in excess of $75,000. The Court first looks to the face of the complaint to determine whether the amount in controversy is facially apparent. In this case, because plaintiff's petition does not describe her alleged injuries with particularity, it is impossible to assess an amount due for those injuries. Plaintiff alleges only that defendants are liable "for such damages as are reasonable in the premises, including past physical pain and suffering, future physical pain and suffering, past mental pain and suffering, future mental pain and suffering, medical expenses, loss of earnings, future loss of earning

4

capacity, and permanent disability to the body, [and] loss of consortium." Petition for Damages, para. 2.

Following plaintiff's motion to remand, defendants filed a memorandum in support of removal to this Court. In the memorandum, defendants cite <u>Ophelia Allen v. J.C. Penney Co., Inc.</u>, No. 99-1940, 2000 WL 23145 (E.D La. Jan. 13, 2000) (Sear, J.), a case in which motion to remand was denied, in support of their position. Defendants claim that the <u>Allen</u> case involved injuries similar to those suffered by plaintiff in this case. Upon review, however, the injuries sustained by Ms. Allen were pled with such particularity, unlike those in the present case, that Judge Sear had a credible basis to determine that damages would likely exceed $75,000. The plaintiff in <u>Allen</u> alleged multiple personal injuries that were ongoing. <u>See</u> <u>Id.</u> at *2. While these broad allegations are not unlike those in the instant case, the Court in <u>Allen</u> was provided with the deposition testimony of Ms. Allen in which she described her injuries with particularity sufficient enough to warrant a belief that her damages would exceed $75,000. <u>See</u> <u>Id.</u> For example, Ms. Allen testified that she suffered from back, neck and chest injuries, and that she had seen five doctors as a result of her accident. <u>See</u> <u>Id.</u> Ms. Allen further testified that she had undergone steroidal injections, diagnostic tests, and physical therapy. <u>See</u> <u>Id.</u> The Court was also provided with Ms. Allen's medical records and bills.

5

In this case, unlike <u>Allen</u>, the Court was not provided with any documents or deposition testimony which would indicate that plaintiff's injuries and damages are likely to exceed $75,000. The only mention in the record as to plaintiff's injuries is in the petition for damages, the defendants' petition for removal and the defendants' memorandum in support of their petition for removal. These documents fail to allege any of plaintiff's injuries sufficient enough to warrant a belief that her damages will exceed $75,000.

Further, although the plaintiff alleges a "permanent disability," this is not sufficient for the case to be retained in this Court. In <u>Palmer v. Wal-Mart Stores, Inc.</u>, No. 95-1723, 1996 WL 20862, at *1 (E.D. La. Jan. 17, 1996), Judge Livaudais granted the plaintiff's motion to remand over the plaintiff's allegations that she sustained severe and possibly permanent injuries because her allegations were "fairly vanilla" and did not reveal the extent of her injuries. <u>Id.</u> As in <u>Palmer</u>, the Court finds that given the extremely limited facts surrounding the accident and the non-existent description of any injuries in the petition, it is not facially apparent that plaintiff's claims more likely than not exceed $75,000.

Because defendants have not satisfied the facially apparent test, the Court considers whether defendants submitted summary-judgment-type evidence to establish the amount in controversy.

6

Here, defendants have submitted no evidence of the true value of plaintiff's claims but rather have merely alleged in their petition for removal and memorandum in support thereof that the amount in controversy exceeds $75,000. As discussed above, defendants have provided no evidence to the Court to support this contention. Accordingly, the Court finds that defendants have not satisfied their burden of showing that more than $75,000 was in controversy at the time of removal.

Finally, in her motion to remand plaintiff stipulates that her damages do not exceed the statutory minimum of $75,000. Plaintiff's Memorandum in Support of Motion to Remand and Accompanying Stipulation, Rec. Doc. 6. This stipulation, however, is not a sworn affidavit. The Fifth Circuit has held that while a plaintiff may not defeat removal by changing her demand after the notice of removal has been filed, post-removal stipulations may be used to clarify the amount for the first time. See ANPAC, 988 F.3d at 565; Domangue v. Commodore Cruise Line, Ltd., 1998 WL 205429, at *1 (E.D. La. April 27, 1998). "A stipulation like plaintiff's, which is not a sworn affidavit and falls short of stipulating that the claimant will not seek more than the jurisdictional amount, is not binding. However, ... the court may assess jurisdiction with reference to all evidence." Domangue, 1998 WL 205429, at *1. As such, although not binding, the plaintiff's stipulation may be considered as evidence in determining whether the amount in

7

controversy has been met.

In addition to the discussion on the merits above, the Court is mindful that removal jurisdiction is strictly construed. See Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100 (1941); Brown v. Demco, Inc., 792 F.2d 478 (5th Cir, 1986); Butler v. Polk, 592 F.2d 1293 (5th Cir. 1979); C. Wright, A. Miller & E. Cooper, 14B Federal Practice & Procedure: Civil, § 3721. When subject matter jurisdiction is doubtful, remand is appropriate. C. Wright, A. Miller & E. Cooper, 14C Federal Practice & Procedure: Civil, § 3739.

After considering all of the evidence available, the Court finds that defendants have failed to prove by a preponderance of the evidence that plaintiff's total damages will more likely than not exceed the jurisdictional amount. Accordingly, this Court does not have subject matter jurisdiction and must remand this case to state court.

## CONCLUSION

IT IS ORDERED, for the foregoing reasons, that this matter is hereby REMANDED to the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana.

New Orleans, Louisiana, this ___ day of February, 2000

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE