


## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CHERI MOORE** | **CIVIL ACTION** |
| **VERSUS** | **NO. 00-0083** |
| **J.C. PENNEY COMPANY, INC., et al.** | **SECTION: "C" (3)** |

### ORDER AND REASONS

Before this Court is defendants' motion for rehearing on an Order granting a motion to remand in favor of plaintiff. The Order was based on lack of evidence of the required amount in controversy. For the following reasons, defendants' motion is DENIED.

### BACKGROUND

On December 20, 1998, plaintiff, Cheri Moore, was shopping at the J.C. Penney Company store located at the Belle Promenade Mall in Jefferson Parish, Louisiana. While she was shopping, a table collapsed on plaintiff, causing her personal injuries.

On December 14, 1999, plaintiff instituted this suit against defendants, J.C. Penney Company, Inc. and Liberty Mutual Insurance Company, in the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana. Plaintiff's petition for damages alleged only that defendants are liable "for such damages as are reasonable in the premises, including past physical pain and

DATE OF ENTRY
APR 1 4 2000

suffering, future physical pain and suffering, past mental pain and suffering, future mental pain and suffering, medical expenses, loss of earnings, future loss of earning capacity, and permanent disability to the body, [and] loss of consortium." *Plaintiff's Petition for Damages*, para. 2.

Defendants timely removed the action to this Court under 28 U.S.C. § 1441 on the grounds of diversity jurisdiction, 28 U.S.C. § 1332. In their petition for removal, defendants asserted that plaintiff's claims exceed $75,000 "as will more fully appear through plaintiff's allegations of tort damages for personal injuries." *Defendants' Petition for Removal*, Rec. Doc. 1.

On January 12, 2000, this Court ordered that the parties submit memoranda regarding whether the minimum amount in controversy for federal jurisdiction existed at the time this action was removed. *See Minute Entry of 1/12/2000*, Rec. Doc. 4. On February 4, 2000, plaintiff filed a Motion for Remand in which she contended that the amount in controversy does not exceed $75,000. *See Plaintiff's Motion for Remand*, Rec. Doc. 6. Plaintiff attached a non-binding stipulation stating "that the amount of damages, exclusive of interests and costs, in this matter does not exceed $75,000." *Id.*

On February 18, 2000, the Court granted plaintiff's motion to remand finding that defendants failed to prove by a preponderance of the evidence that plaintiff's total damages will more likely than not exceed the jurisdictional amount. *See Order and Reasons for Motion to Remand*, Rec. Doc. 8. On March 3, 2000, defendants filed this motion for rehearing. *Defendants' Motion for Rehearing*, Rec. Doc. 9.

## ANALYSIS

In *Washington v. CSC Credit Services, Inc.*, 180 F.R.D. 309 (E.D. La. 1998), this Court ruled that alteration or amendment of a previous ruling under Federal Rule of Civil Procedure 59(e) is proper only upon movant's showing of: "(1) an intervening change of controlling law; (2) the availability of new evidence; and/or (3) the need to correct a clear and manifest error or fact or law." *Id.* at 311.

Defendants do not provide the Court with any new legal argument to support their motion. Defendants merely disagree with the Court's assessment that "because plaintiff's petition does not describe her alleged injuries with particularity, it is impossible to assess an amount due for those injuries." *Order and Reasons for Motion to Remand*, Rec. Doc. 8. Defendants aver, in their motion for reconsideration, that the Order granting plaintiff's motion to remand is contrary to case law enunciated in *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295 (5th Cir. 1999) and *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848 (5th Cir. 1999).[1] The Court is not swayed by this argument and will not amend its previous ruling on this basis.

Defendants urge that neither *Luckett* nor *Simon* require that a particular claimant set forth, with specificity, the kind and character of the injuries sustained. Rather, defendants suggest that the Court must observe the entirety of the allegations in a particular claimant's petition. *Defendant's Motion for Rehearing*, at 2. Defendants, however, overlook both the legal standard set out in the cases and the distinguishing features between *Luckett*, *Simon*, and this case.

---

[1] Defendants mistakenly cited "*Allen v. Wal-Mart Stores, Inc.*, 193 F.3d 848 (5th Cir. 1999)" in their memorandum. The case reported at that cite however is entitled "*Simon v. Wal-Mart Store, Inc.*" After reviewing the case, the Court is certain that defendants meant to cite *Simon*.

Defendants first overlook the Fifth Circuit's clearly articulated analytical framework for evaluating jurisdiction in a diversity case removed from Louisiana state courts, where no monetary demand has been specified in the original state court complaint. That framework is as follows:

> [T]he removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. Defendant may make this showing in either of two ways: (1) by demonstrating that it is 'facially apparent' that the claims are likely above $75,000, or (2) by setting forth facts in controversy -- preferably in the removal petition, but sometimes by affidavit -- that support a finding of the requisite amount.

*Simon*, 193 F.3d at 850 (citing *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999)).

Defendants have neither demonstrated that it is "facially apparent" that the claims are likely above $75,000, nor have they set forth facts in controversy to support a finding of the requisite amount. Defendants merely assert, in their notice of removal, that plaintiff's claims exceed $75,000 "as will more fully appear through plaintiff's allegations of tort damages for personal injuries." *Defendant's Petition for Removal*, Rec. Doc. 1. Indeed, the only mention in the record as to plaintiff's injuries is in the vague petition for damages, defendants' petition for removal and defendants' memorandum in support of their petition for removal. These documents fail to allege any of plaintiff's injuries sufficient enough to warrant a belief that her damages will exceed $75,000.

The Court also finds the instant case distinguishable from *Luckett*, in which the Fifth Circuit concluded that the jurisdictional amount of damages was apparent on the face of the complaint. *See Luckett*, 171 F.3d at 298. *Luckett* involved an action brought by a plaintiff whose luggage, containing her heart medication, was lost by defendant airline. *See id.* at 297. Luckett became severely ill after not taking the medication and her complaint specifically alleged damages for property loss, travel expenses, an emergency ambulance trip, a six-day stay in the hospital, pain and

suffering, humiliation, and temporary inability to do housework following her hospitalization. *See id.* at 299.

In contrast to *Luckett*, the instant complaint alleged, with little specificity, damages from bodily injuries which are not even articulated, in addition to "past physical pain and suffering, future physical pain and suffering, past mental pain and suffering, future mental pain and suffering, medical expenses, loss of earnings, future loss of earning capacity, and permanent disability to the body, [and] loss of consortium." *Plaintiff's Petition for Damages*, para. 2. This complaint did not allege any damages for loss of property, emergency transportation, hospital stays, specific types of medical treatment, emotional distress or functional impairments. On the basis of these allegations and the factors that distinguish this case from *Luckett*, the Court must conclude that it was not "facially apparent" that the amount of damages would exceed $75,000.

Defendants further allege that *Simon* does not require a claimant to set out, with specificity, the kind and character of injuries sustained. Defendants, however, have misinterpreted *Simon's* holding. The Fifth Circuit held that where a defendant is faced with a complaint that describes damages inadequately to support removal, i.e., with substantially less specificity than the description of damages in the complaint of *Luckett* as given above, that defendant has an affirmative burden to produce information, through factual allegations or an affidavit, sufficient to show "by a preponderance of the evidence that the amount in controversy exceed[s] $75,000." *Simon*, 193 F.3d at 851 (citing *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999)).

The Fifth Circuit compared the allegations in the *Simon* complaint with its holding as to the specific allegations contained in the *Luckett* complaint. In *Simon*, the complaint alleged that while plaintiff was walking through a Wal-Mart parking lot, a car drove past her, and her purse wrapped

5

around her arm. *See Simon*, 193 F.3d at 849. Then she was suddenly grabbed, causing her to be dragged by the car a distance of several parking spaces. *See id.* The complaint in *Simon* further alleged that plaintiff "suffered bodily injuries and damages including but not limited to a severely injured shoulder, soft-tissue injuries throughout her body, bruises, abrasions, and other injuries to be shown more fully at trial, and has incurred or will incur medical expenses." *Simon*, 193 F.3d at 850.

The Fifth Circuit contrasted its holding in *Luckett* by reasoning that the complaint in *Simon* "alleged, with little specificity, damages from less severe injuries -- an injured shoulder, bruises and abrasions -- and unidentified medical expenses for [the plaintiff] . . . ." *Id.* at 851. Additionally, the complaint did not allege any damages from property loss, emergency transportation, hospital stays, specific types of medical treatment, emotional distress, functional impairments, or disability,[2] which damages, if alleged, would have supported a substantially larger monetary basis for federal jurisdiction. *See id.*

In this case, plaintiff's allegations are even less specific than those in the *Simon* complaint. Distinguishable from the *Simon* complaint, plaintiff here did not even indicate which part of her body

---

[2] The Court is mindful that plaintiff in the instant case did plead "permanent disability to the body" in her complaint. However, as previously stated in the Order for Remand, plaintiff's allegation of a "permanent disability" is not sufficient for the case to be retained in this Court.

In *Palmer v. Wal-Mart Stores, Inc.*, No. 95-1723, 1996 WL 20862, at *1 (E.D. La. Jan. 17, 1996), Judge Livaudais granted plaintiff's motion to remand over plaintiff's allegations that she sustained severe and possibly permanent injuries because her allegations were "fairly vanilla" and did not reveal the extent of her injuries. As in *Palmer*, the Court found that given the extremely limited facts surrounding the accident and the non-existent description of any injuries in the petition, it is not facially apparent that plaintiff's claims more likely than not exceed $75,000.

sustained the alleged injuries, not to mention that there are no allegations of loss of property, emergency transportation, hospital stays, specific types of medical treatment, emotional distress, or functional impairments.

Furthermore, defendants argue that they should be given adequate time for discovery to investigate the plaintiff's claims. The Court notes that defendants' requests are now untimely. If defendants had originally asked the Court to continue the hearing on plaintiff's motion to remand in order to depose the plaintiff or conduct other discovery regarding plaintiff's injuries, the Court would have considered such a continuance at that time. However, defendants chose to challenge removal in an opposition that failed to meet the Fifth Circuit's standards as explained above. Therefore, it is now untimely on a motion for rehearing to ask the Court for additional time to prepare a proper response to the original motion to remand.

On the basis of plaintiff's allegations, and the distinguishing characteristics from *Luckett*, the Court must conclude that it was not "facially apparent" nor were facts set forth by defendants sufficient to indicate that the amount of damages would exceed $75,000. Accordingly, the Court finds there is no need to correct its Order granting plaintiff's motion to remand.

## CONCLUSION

For the foregoing reasons, **IT IS THEREFORE ORDERED** that defendants' motion for rehearing is hereby **DENIED**.

New Orleans, Louisiana, this 13th day of April, 2000.

---
HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE